No. 21,891.

WILLIAM LOVE as Guardian of ROBERT LOVE, an Insane Person, *Appellee,* v. THE DIPLOMAT MINING COMPANY, *Appellant.*

SYLLABUS BY THE COURT.

1. COMPENSATION ACT—*Injuries—Findings—Instructions.* The findings of the jury were supported by sufficient evidence.

2. SAME. No error appears in the giving or refusing of instructions.

Appeal from Cherokee district court; JAMES N. DUNBAR, judge. Opinion filed February 8, 1919. Affirmed.

*S. C. Westcott,* of Galena, and *R. M. Sheppard,* of Joplin, Mo., for the appellant.

*C. A. McNeill, Don H. Elleman,* both of Columbus, and *E. B. Morgan,* of Galena, for the appellee.

The opinion of the court was delivered by

WEST, J.: The plaintiff, as guardian, recovered a judgment for damages caused by the fall of a large rock from the roof of a mine in which the ward was working. The defendant appeals. The principal ground of his appeal is that the employee was not at the time of the injury working at the place where he had been directed to work, and that, therefore, the defendant is not liable.

The work consisted in shoveling dirt into metal cans to be taken to the foot of the hoisting shaft by trucks run on tracks laid on the floor of the drift. Three so-called plats are set forth for the ostensible purpose of showing the number and location of the tracks, but they are utterly unintelligible, and the evidence concerning them is equally obscure and confusing.

But there was testimony to support the finding of the jury that the employee when injured was at work between two tracks, across both of which the rock fell.

Under a mere general denial it was sought to prove that the shoveler boss directed the workman to work on a track different and away from the one where the fall occurred.

An instruction as to the effect of this direction was refused, but another was given to the effect that if he was injured at a place away from and other than his proper working place furnished by the defendant, the latter would owe him no duty to use reasonable care for his safety there.

This was all the defendant was entitled to, and hence no material error appears either in the findings or in the instructions.

The judgment is affirmed.